FILED

2011 JAN 19 PM 1:27

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY ______

Robert D. Vogel (SBN 063091)
Jennifer B. Hodur (SBN 211948)
JACKSON LEWIS LLP
725 South Figueroa Street, Suite 2500
Los Angeles, CA 90017
Telephone: (213) 689-0404
Facsimile: (213) 689-0430
VogelR@jacksonlewis.com

Attorneys for Defendants
SPECTRUM LABORATORY PRODUCTS, INC.
dba SPECTRUM CHEMICALS & LABORATORY
PRODUCTS, a California corporation;
PAUL BURG; and PREM JAIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CV 11 00561-MMM(Ex)

COPY

ANTHONY ROMERO, SALVADOR ROMERO, VICTOR CARDENAS, FRANCISCO ANGUIANO,

Plaintiffs,

vs.

SPECTRUM LABORATORY PRODUCTS, INC., dba SPECTRUM CHEMICALS & LABORATORY PRODUCTS, a California corporation; SPECTRUM CHEMICALS MANUFACTURING CORP., a New Jersey corporation; PAUL BURG; PREM JAIN, MARK HAYEM; LOS ANGELES COUNTY SHERIFF OFFICE and CERTAIN UNIDENTIFIED LOS ANGELES SHERIFF OFFICERS; and DOES 1 – 500, Inclusive,

Defendants.

**CASE NO.:**

**NOTICE OF REMOVAL**

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

Pursuant to 28 U.S.C. § 1446, Defendants SPECTRUM LABORATORY PRODUCTS, INC., dba SPECTRUM CHEMICALS & LABORATORY PRODUCTS, a California corporation ("Spectrum"), PAUL BURG ("Burg") and PREM JAIN ("Jain") (collectively "Defendants") hereby invoke this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1441 and state the following grounds for removal:

1.     On December 16, 2010, an action was commenced against Defendants and other named defendants discussed below in the Superior Court of the State of California, Los Angeles County, Central Civil, Case No. BC451390.  True and complete copies of the Complaint and purported Summons reflecting when the Complaint was served on Defendants are attached hereto collectively as Exhibit "A".

2.     Defendant Jain was improperly served with the Complaint in New Jersey via mail at his place of employment on December 20, 2010.  Despite this defective service of process, Jain will not contest the service of the Complaint upon him.

3.     Defendants Spectrum, Burg and Marc Hayem ("Hayem") were improperly served with the Complaint at Spectrum's Gardena, California facility via personal service upon an unidentified individual who worked there on January 3, 2011.  Neither Burg nor Hayem have been personally served with the Complaint and the Complaint was not personally served upon Spectrum's designated authorized agent for service of process in California.  Despite this defective service of process, neither Spectrum nor Burg will contest the service of the Complaint upon them.

4.     Defendants Spectrum, Burg and Jain all join in the removal of the Complaint to federal court.

5.     Hayem, consistent with his declaration filed simultaneously herewith, is no longer employed by Spectrum and was not at Spectrum's Gardena, California facility in late December 2010 and/or at any time thereafter.  Although Hayem has not been

personally served with the Complaint, he joins in the removal of the Complaint to federal court.

6. As indicated in the Declaration of Robert D. Vogel filed simultaneously herewith, defendants "Los Angeles Sheriff's Office" and "certain unidentified Los Angeles Sheriff Officers" (collectively "federal defendants") have not been served with the Complaint by the service and filing of an amendment to the Complaint as a Doe defendant or otherwise.

7. Defendant Spectrum Chemicals Manufacturing Corp., a New Jersey corporation ("Spectrum Chemicals") is not a corporation as alleged in the Complaint nor a separate and distinct business entity but, rather, is a dba of Spectrum. On information and belief, Spectrum Chemicals was purportedly served with the Complaint at the same time, place and manner Spectrum was purportedly served with the Complaint at its Gardena, California facility on January 3, 2011.

8. No further proceedings have occurred in the state action. No defendant has served an answer or responsive pleading to the Complaint nor made any appearance or argument before the Superior Court of the State of California, Los Angeles County.

FEDERAL QUESTION

9. The Complaint purports to state a cause of action for a violation of 42 U.S.C. § 1983 against the federal defendants.

10. All defendants in a state action must join in a petition for removal, except for nominal, unknown or fraudulently joined parties. Hewitt v. City of Stanton, 798 F.2d 1230, 1233 (9th Cir. 1986). As a result, Defendants do not need the consent of the defendants named as "Does 1-500 inclusive" in the Complaint for purposes of removal.

///

///

///

///

11. Additionally, only defendants properly joined and served in the action need consent to removal. Salveson v. Western States Bankcard Ass'n, 731 F.2d 1423, 1429 (9th Cir. 1984) and Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (a party not served need not be joined in a petition for removal). Accordingly, it is not necessary for the federal defendants who have not yet been served with the Complaint to join in this removal.

12. Removal of the Complaint is proper under 28 U.S.C. §§ 1441 and 1446 since Plaintiffs assert a federal claim alleging a violation of 42 U.S.C. § 1983.

13. This Notice of Removal is filed with this Court within thirty (30) days of any defendants' receipt or service of a copy of the Summons and Complaint in the state action.

14. Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by the Plaintiffs or conceding Plaintiffs have pled claims upon which relief can be granted against them.

15. All Defendants properly served to date hereby join in this removal as stated above. Defendants are informed and believe and thereon allege Defendants Hayem, Los Angeles County Sheriff Office and Certain Unidentified Los Angeles Sheriff Officers have not been served with the Complaint.

16. The state court from which this action was removed and in which this action was commenced is within this Court's district and division.

17. This Notice of Removal will be filed promptly with the Clerk of the Superior Court for Los Angeles County, California, as required by 28 U.S.C. § 1446(d).

///

///

///

///

///

WHEREFORE, Defendants pray that the above action now pending against them in the Superior Court of the State of California, Los Angeles County be removed to this Court.

Dated: January 19, 2011

Respectfully submitted,

JACKSON LEWIS LLP

By: ______________________________
Robert D. Vogel
Jennifer B. Hodur
Attorneys for Defendants
SPECTRUM LABORATORY PRODUCTS, INC. dba SPECTRUM CHEMICALS & LABORATORY PRODUCTS, a California corporation; PAUL BURG; and PREM JAIN

# EXHIBIT A



ORIGINAL

DONALD A. HILLAND (SBN 240436)
LAW OFFICE OF DONALD A. HILLAND
405 N. Maclay Avenue, Suite 203
San Fernando, California 91340
(818) 838-3600 Phone

Attorney for Plaintiffs Anthony Romero, Salvador Romero, Victor Cardenas, Francisco Anguiano

FILED
Los Angeles Superior Court
DEC 16 2010
John A. Clarke, Executive Officer/Clerk
By ________, Deputy
DOROTHY SWAIN

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES, CENTRAL CIVIL

| | |
|---|---|
| ANTHONY ROMERO, SALVADOR ROMERO, VICTOR CARDENAS, FRANCISCO ANGUIANO,<br><br>Plaintiffs,<br><br>vs.<br><br>SPECTRUM LABORATORY PRODUCTS, INC., dba SPECTRUM CHEMICALS & LABORATORY PRODUCTS, a California corporation; SPECTRUM CHEMICALS MANUFACTURING CORP., a New Jersey corporation; PAUL BURG; PREM JAIN, MARK HAYEM; LOS ANGELES COUNTY SHERIFF OFFICE and CERTAIN UNIDENTIFIED LOS ANGELES SHERIFF OFFICERS; and DOES 1 – 500, Inclusive,<br><br>Defendants. | Case No.: BC451390<br><br>COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF<br><br>1. UNLAWFUL BUSINESS PRACTICES ("UCL") [B&P 17200]<br>2. DISCRIMINATION RACE [Cal. Gov. Code 12940]<br>3. DISCRIMINATION NATIONAL ORIGIN [Cal. Gov. Code 12940]<br>4. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY [Cal. Labor Code 432.7]<br>5. VIOLATION OF CAL. LABOR CODE 432.7(2)<br>6. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING<br>7. VIOLATION OF CAL. Labor Code [432.2]<br>8. DEPRIVATION OF CIVIL RIGHTS [42 U.S.C. 1983]<br>9. FAILURE TO PAY ALL WAGES AND VACATION UPON TERMINATION[Cal. Labor Code 201, 227.3] |

CIT/CASE: BC451390 LEA/DEF#:
RECEIPT #: CCH118782004
DATE PAID: 12/16/10 10:12:55 AM
PAYMENT: $395.00
RECEIVED:
CHECK: 395.00
CASH:
CHANGE:
CARD:
0310

PLAINTIFFS ANTHONY ROMERO ("ANTHONY"), SALVADOR ROMERO ("SALVADOR"), VICTOR CARDENAS ("CARDENAS"), FRANCISCO ANGUIANO ("ANGUIANO") (Collectively "PLAINTIFFS") allege on information and belief, except for their own acts and knowledge, the following:

## THE PARTIES

1. This action is brought by PLAINTIFFS ANTHONY ROMERO, SALVADOR ROMERO, VICTOR CARDENAS, FRANCISCO ANGUIANO against SPECTRUM LABORATORY PRODUCTS, INC., dba SPECTRUM CHEMICALS & LABORATORY PRODUCTS, a California corporation (hereinafter "SPECTRUM"); SPECTRUM CHEMICAL MANUFACTURING CORP., a New Jersey corporation (hereinafter "SPECTRUM CHEMICALS"); PAUL BURG (hereinafter "BURG"); PREM JAIN (hereinafter "JAIN"); LOS ANGELES COUNTY SHERIFF DEPARTMENT and CERTAIN UNIDENTIFIED OFFICERS OF LOS ANGELES COUNTY SHERIFF DEPARTMENT; and DOES 1 – 500, Inclusive.

2. PLAINTIFFS were employees of DEFENDANT SPECTRUM, at 14422 S. San Pedro Street, Gardenia, California 90248. The primary job duties of PLAINTIFFS was as warehousemen and chemical packagers, specifically ANTHONY ROMERO was an inventory clerk; SALVADOR ROMERO was a warehousemen. ANQUIANO was an "order picker; CARDENAS was a "packer". PLAINTIFFS were employed for varying lengths of time at the Gardenia facility at various hourly wages from $11.00 an hour to $15.00 an hour, along with approximately 120 other workers.

3. DEFENDANT SPECTRUM LABORATORY PRODUCTS, INC., dba SPECTRUM CHEMICALS & LABORATORY PRODUCTS (hereinafter "SPECTRUM CHEMICALS") upon information and belief, is and was a California corporation with its principal place of business in Los Angeles, California.

4. DEFENDANT SPECTRUM CHEMICAL MANUFACTURING CORP (hereinafter "SPECTRUM CHEMICAL") upon information and belief, is and was a New Jersey corporation and a division of DEFENDANT SPECTRUM LABORATORY PRODUCTS, INC.

5. DEFENDANT PAUL BURG (hereinafter "BURG") upon information and belief, is and was, a resident of Los Angeles, California and an officer and director of DEFENDANT SPECTRUM LABORATORY PRODUCTS, INC.

6. DEFENDANT PREM JAIN (hereinafter "JAIN") upon information and belief, is and was, a resident of New Jersey and an officer and director of DEFENDANT SPECTRUM LABORATORY PRODUCTS, INC.

7. DEFENDANT MARK HAYEM (hereinafter "HAYEM") upon information and belief, is and was, a resident of Los Angeles, California and an officer and director of DEFENDANT SPECTRUM LABORATORY PRODUCTS, INC.

8. DEFENDANT LOS ANGELES COUNTY SHERIFF OFFICE (hereinafter "SHERIFF") upon information and belief, is and was, a political division of the County of Los Angeles, State of California.

9. DEFENDANT CERTAIN UNIDENTIFIED LOS ANGELES SHERIFF OFFICER (hereinafter "BURG") upon information and belief, is and was, are residents of Los Angeles, California.

10. PLAINTIFFS are ignorant of the true names and capacities of defendants sued herein as Does 1-500, inclusive, and therefore sues these defendants by those fictitious names. PLAINTIFF will seek leave to amend this Complaint to allege their true names and capacities when ascertained.

11. PLAINTIFFS are informed and believes, and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that the PLAINTIFF's damages as alleged in this Complaint was proximately caused by these fictitiously named defendants.

12. PLAINTIFFS are informed and believe, and thereon allege, that at all relevant times mentioned herein, each of the defendants was the agent and employee of each of the remaining defendants, and in doing the things hereinafter alleged, was acting in the course and scope of such agency and employment.

**THE CONDUCT**

13. The primary jobs of plaintiffs are warehousemen, workers and former employees of the businesses operated by DEFENDANTS SPECTRUM CHEMICAL(S) and headquartered in Gardena, California.

14. There came a time in the fall of 2009 when one or more burglary(ies) occurred at DEFENDANT SPECTRUM CHEMICAL'S Gardena, California facility, and the Hispanic workers, including PLAINTIFFS ANTHONY and SALVADOR ROMERO, ANGUIANO, and CARDENAS were questioned about the burglary(ies), forced to take polygraphs, and accused of the burglary(ies) by the employer DEFENDANT SPECTRUM CHEMICALS and DEFENDANT SHERIFF officials.

15. PLAINTIFF ANTHONY ROMERO was arrested at the work facility and taken away in handcuffs and subsequently terminated from his employment. However, PLAINTIFF ANTHONY ROMERO was never convicted of any crime because he was in fact innocent.

16. PLAINTIFF ANGUIANO was questioned by DEFENDANT SPECTRUM corporate officer PAUL BURG about PLAINTIFFS ANTHONY and SALVADOR ROMERO and DEFENDANT SHERIFFS. Then PLAINTIFF ANGUIANO and another worker were sent to New Jersey under the auspices of conducting a "training" for the New Jersey SPECTRUM facility. However, upon arrival, there was no "training." ANGUIANO was questioned by DEFENDANT SPECTRUM corporate officer PREM JAIN as to who conducted the robbery in Los Angeles and, when ANGUIANO answered honestly that he did not know, he was first threatened with incarceration and then terminated on or about May 14, 2010, 3,000 miles from home and had to pay for his own hotel, taxi, etc., in order to return to Los Angeles.

17. PLAINTIFF VICTOR CARDENAS was also questioned by DEFENDANTS and then terminated when he couldn't provide answers as to who committed the burglary at SPECTRUM. DEFENDANT SPECTRUM corporate officers PAUL BURG, MARK HAYAM, supervisor JAVIAR and NASSAR asked client directly about theft and whether ANTHONY and SALVADOR and others were involved. When PLAINTIFF CARDENAS could not provide the proper answers he was terminated on or about January 25, 2010.

18. PLAINTIFF SALVADOR ROMERO was similarly questioned by DEFENDANTS, in particular about his brother ANTHONY's (alleged) involvement in the burglary(ies) and then forced to take a polygraph, contrary to California Labor Code 432.2, and terminated because it was alleged by all DEFENDANTS that PLAINTIFFS were involved in the burglary(ies).

19. SPECTRUM CHEMICALS & LABORATORY PRODUCTS, INC., dba SPECTRUM CHEMICALS & LABORATORY PRODUCTS, a California corporation; SPECTRUM CHEMICAL MANUFACTURING CORP., BURG, JAIN, and HAYEM worked in conjunction with the DEFENDANTS LOS ANGELES SHERIFFS to "solve" the burglary(ies) by false arrest, intimidation, and termination of loyal employees with no evidence but acted only out of prejudice in a discriminatory mode in a belief that one or more of the burglars were Latino or Hispanic. Therefore, all Latinos and Hispanic workers, and especially PLAINTIFFS herein, were deprived of their civil rights and wrongfully terminated on the basis of race. In addition

PLAINTIFF ANTHONY ROMERO was wrongfully terminated on the basis of a false arrest, for which there was no conviction, contrary to Cal. Labor Code 432.7.

20. DEFENDANTS CERTAIN UNIDENTIFIED LOS ANGELES SHERIFF OFFICERS questioned all the PLAINTIFFS and worked with the SPECTRUM CHEMICAL DEFENDANTS BURG, JAIN, and HAYEM in questioning PLAINTIFFS, forcing PLAINTIFFS to take polygraphs, took the shoes of PLAINTIFF ANTHONY, and arrested PLAINTIFF ANTHONY who was subsequently, after intense questioning, bailed out and later nolle pros'd by the District Attorney.

21. As businesses in California, DEFENDANTS SPECTRUM CHEMICAL(S) are subject to the UCL and the Labor Code and discrimination laws of the State of California.

22. By reason of this uniform conduct applicable to PLAINTIFFS, DEFENDANTS committed acts of unfair competition in violation of California Unfair Competition Law, Cal. Bus. & Prof. Code Sec. 17200 (the "UCL"), by engaging in company-wide policies and procedures which discriminated against PLAINTIFFS on the basis of their race and/or national origin, being Latinos/Hispanics.

23. DEFENDANTS' violation of California Labor laws constitutes a business practice because it was done repeatedly over a significant period of time and in a systematic manner to the detriment of PLAINTIFFS. The Unlawful, Unfair, and/or Deceptive Failure to Have in Place a Company-Wide Policy, Practice and Procedure to prohibit discrimination against Latinos and Hispanics is a violation of the UCL.

24. For the four years preceding the filing of this action, PLAINTIFFS have suffered damages, including lost wages and emotional distress, and request damages and/or restitution of all monies and profits to be disgorged from DEFENDANTS in an amount according to proof at time of trial, but in excess of the jurisdictional minimums of this Court.

28. As a result of DEFENDANTS' intentional disregard of the obligation to meet this burden, DEFENDANTS violated the California Labor Code and discrimination law of the State of California as herein alleged.

**THE UCL REMEDIES**

29. As a result of DEFENDANTS UCL violations, PLAINTIFFS seek restitutionary disgorgement of DEFENDANTS ill-gotten gains into a fluid fund to recover all the money that DEFENDANTS were required by law to pay, but failed to pay, to PLAINTIFFS in order to pay

restitution to PLAINTIFFS. PLAINTIFF also seeks all other relief available to them. PLAINTIFFS also seek declaratory relief finding that the employment practices and policies of the DEFENDANTS violate California law.

30. PLAINTIFFS bring the First Cause of Action ("COA") for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code 17200, et seq. (the "UCL").

31. As associates during the period beginning on the date four years before the filing of this complaint and ending on the date as determined by the filings.

32. To the extent equitable tolling operates to toll claims by PLAINTIFFS against DEFENDANTS, the times should be adjusted accordingly.

33. DEFENDANTS, as a matter of corporate policy, practice and procedure, and in violation of the applicable Labor Codes and the applicable provisions of California law, intentionally, knowingly, and willfully engaged in a practice whereby DEFENDANTS unfairly, unlawfully, and deceptively instituted a practice to ensure that the PLAINTIFFS were discriminated against and falsely accused and deprived of civil rights.

## JURISDICTION AND VENUE

34. This Court has jurisdiction over PLAINTIFFS' action pursuant to California Business & Professions Code § 17203 and Labor Code § 1194. Venue is proper in this judicial district pursuant to California Code of Civil Procedure § 393 and §393.5 because (i) the liability of DEFENDANTS arose in part in Los Angeles County, California (ii) violations of the unfair competition law by DEFENDANTS occurred in Los Angeles County, California; and, (iii) DEFENDANTS maintain offices, transact substantial business and are found in Los Angeles County, California.

## FIRST CAUSE OF ACTION

**For Unlawful Business Practices ("UCL")**
**[Cal. Bus & Prof. Code** § 17200 et seq.]
**(By PLAINTIFFS Against ALL DEFENDANTS and DOES 1-500)**

35. PLAINTIFFS reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 35 of this Complaint.

36. DEFENDANTS are persons as that term is defined under California Business & Professions Code § 17201.

37. California Business & Professions Code § 17200 et seq. (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203

authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

38. Through the conduct alleged herein, DEFENDANTS have engaged in an unlawful, unfair, and/or deceptive business practice by violating California law, including but not limited to violation of California Labor Codes 201, 227, 432, and told the employees they were not entitled to the benefits of these laws, knowing the statements to be untrue, for which this Court should issue declaratory, injunctive and other equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, as may be necessary to prevent and remedy the conduct held to constitute unfair competition.

39. By and through the unlawful, unfair, and/or deceptive business practices described herein, DEFENDANT has obtained valuable property, money, and services from the PLAINTIFFS, and has deprived PLAINTIFFS of valuable rights and benefits guaranteed by law, all to their detriment and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete. Declaratory and injunctive relief is necessary to prevent and remedy this unfair competition, and pecuniary compensation alone would not afford adequate and complete relief.

40. All the acts described herein as violations of, among other things, the Cal. Lab. Code, are unlawful, are in violation of public policy, are immoral, unethical, oppressive, and unscrupulous, and are likely to deceive employees, and thereby constitute deceptive, unfair and unlawful business practices in violation of Cal. Bus. and Prof. Code § 17200 *et seq.*

41. PLAINTIFFS are further entitled to, and do, seek a declaration that the above described business practices are deceptive unfair and/or unlawful and that an injunctive relief should be issued restraining DEFENDANT from engaging in any of these deceptive, unfair and unlawful business practices in the future.

42. PLAINTIFFS have no plain, speedy, and/or adequate remedy at law that will end the unfair and unlawful business practices of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As a result of the unfair and unlawful business practices described above, PLAINTIFFS have suffered and will continue to suffer irreparable harm unless DEFENDANT is restrained from continuing to engage in these unfair and unlawful business practices. In addition, DEFENDANT should be required to disgorge their ill gotten gains into a fluid fund and to make restitution to PLAINTIFFS.

**SECOND CAUSE OF ACTION**

**Discrimination on the Basis of Race**

**(All Plaintiffs against Spectrum and DOES 1- 100)**

43. PLAINTIFFS hereby reallege and incorporate by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 42.

44. Under Cal. Gov. Code 12940(a), it is unlawful for an employer to discriminate against an employee on the basis of race.

45. As set forth above, in subjecting PLAINTIFFS to differential treatment in terms and conditions of their employment, including accusing of crime, forcing to take polygraph tests, and having them arrested, and terminating their employment, DEFENDANTS discriminated against PLAINTIFFS on the basis of race.

46. On information and belief, DEFENDANTS treatment of PLAINTIFFS in the terms and conditions of their employment is part of a patter and practice on the part of DEFENDANTS of discriminating against Latinos/Hispanics on account of their race and/or national origin.

47. As a direct and proximate cause of DEFENDANTS' conduct, PLAINTIFFS have suffered damages, including economic losses and emotional distress, in an amount to be proven at trial, but not less than the jurisdictional minimums of this court.

48. DEFENDANTS' actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure PLAINTIFFS and in conscious disregard of PLAINTIFFS' rights. In accordance therewith, PLAINTIFFS seek punitive damages against DEFENDANTS.

**THIRD CAUSE OF ACTION**
**Discrimination on the Basis of National Origin**
**(All Plaintiffs against Spectrum and DOES 1- 200)**

49. PLAINTIFFS hereby reallege and incorporate by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 15.

50. Under Cal. Gov. Code 12940(a), it is unlawful for an employer to discriminate against an employee on the basis of national origin.

51. As set forth above, in subjecting PLAINTIFFS to differential treatment in terms and conditions of their employment, including accusing of crime, forcing to take polygraph tests, and having them arrested, and terminating their employment, DEFENDANTS discriminated against PLAINTIFFS on the basis of national origin, Latinos/Hispanics.

52. On information and belief, DEFENDANTS treatment of PLAINTIFFS in the terms and conditions of their employment is part of a patter and practice on the part of DEFENDANTS of discriminating against Latinos/Hispanics on account of their race and/or national origin.

53. As a direct and proximate cause of DEFENDANTS' conduct, PLAINTIFFS have suffered damages, including economic losses and emotional distress, in an amount to be proven at trial, but not less than the jurisdictional minimums of this court.

54. DEFENDANTS' actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure PLAINTIFFS and in conscious disregard of PLAINTIFFS' rights. In accordance therewith, PLAINTIFFS seek punitive damages against DEFENDANTS.

**FOURTH CAUSE OF ACTION**
**Wrongful Termination in Violation of Public Policy**
**[Cal. Labor Code 432.7]**
**(All Plaintiffs against Spectrum, Burg, and DOES 1- 300)**

55. PLAINTIFFS hereby reallege and incorporate by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 54.

56. Under California Labor Code 432.7, the state Labor Code prohibits employers from taking adverse action against employees for an arrest when the arrest does not lead to a conviction.

57. DEFENDANTS, terminated PLAINTIFF ANTHONY ROMERO, following his false arrest for the burglary(ies) in violation of Cal. Labor Code 432.7.

58. As a direct and proximate cause of DEFENDANTS' conduct, PLAINTIFFS have suffered damages, including economic losses, lost wages, and emotional distress, in an amount to be proven at trial, but not less than the jurisdictional minimums of this court.

59. DEFENDANTS' actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure PLAINTIFFS and in conscious disregard of PLAINTIFFS' rights. In accordance therewith, PLAINTIFFS seek punitive damages against DEFENDANTS.

**FIFTH CAUSE OF ACTION**
**Violation of Cal. Labor Code 432.7 (2)**
**(All Plaintiffs against All Defendants and DOES 1- 400)**

60. PLAINTIFFS hereby reallege and incorporate by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 69.

61. There being a California Labor Code prohibiting the DEFENDANTS SHERIFFS from displaying to DEFENDANTS SPECTRUM CHEMICAL(S), BURG, JAIN, AND HAYEM confidential investigatory information regarding PLAINTIFF, as follows:

> (2) No other person authorized by law to receive criminal offender record information maintained by a local law enforcement criminal justice agency shall knowingly disclose any information received therefrom pertaining to an arrest or detention or proceeding that did not result in a conviction, including information pertaining to a referral to, and participation in, any pretrial or posttrial diversion program, to any person not authorized by law to receive that information.
>
> (3) No person, except those specifically referred to in Section 1070 of the Evidence Code, who knowing he or she is not authorized by law to receive or possess criminal justice records information maintained by a local law enforcement criminal justice agency, pertaining to an arrest or other proceeding that did not result in a conviction, including information pertaining to a referral to, and participation in, any pretrial or posttrial diversion program, shall receive or possess that information.
>
> (h) "A person authorized by law to receive that information," for purposes of this section, means any person or public agency authorized by a court, statute, or decisional law to receive information contained in criminal offender records maintained by a local law enforcement criminal justice agency, and includes, but is not limited to, those persons set forth in Section 11105 of the Penal Code, and any person employed by a law enforcement criminal justice

agency who is required by that employment to receive, analyze, or process criminal offender record information.

62. As a direct and proximate cause of DEFENDANTS' conduct, PLAINTIFFS have suffered damages, including economic losses and emotional distress, in an amount to be proven at trial, but not less than the jurisdictional minimums of this court.

63. DEFENDANTS' actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure PLAINTIFFS and in conscious disregard of PLAINTIFFS' rights. In accordance therewith, PLAINTIFF SEEK punitive damages from all DEFENDANTS.

## SIXTH CAUSE OF ACTION

Breach of Implied Covenant of Good Faith and Fair Dealing

**(All Plaintiffs against Spectrum, Burg, Jain, Hayem, and DOES 1- 100)**

64. PLAINTIFFS hereby reallege and incorporate by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 24.

65. California law implies a covenant of good faith and fair dealing in all contracts between parties entered into in the State of California.

66. As a result of the actions of DEFENDANTS, and each of them, set forth hereinabove, said defendants have violated the implied covenant of good faith and fair dealing contained in the contracts as against said PLAINTIFFS herein, and as a result thereof, PLAINTIFFS is entitled to damages as prayed.

67. In or around November and December of 2009, DEFENDANTS falsely and fraudulently represented to PLAINTIFFS that the DEFENDANTS had proof of certain employees' involvement in the burglary(ies) at SPECTRUM.

68. The representations made by DEFENDANTS were in fact false. The true facts were that despite the fact that DEFENDANTS SHERIFFS were unlawfully sharing files with DEFENDANTS BURG, JAIN, AND HAYEM, DEFENDANTS did not know who committed the burglary(ies) and were only bullying PLAINTIFFS and unlawfully forcing PLAINTIFFS to take polygraphs, unlawfully questioning PLAINTIFFS for hours on end, falsely arresting PLAINTIFF ANTHONY ROMERO and depriving him of his civil and constitutional rights, and charging him with a crime and terminating him from his employment.

69. When the DEFENDANTS made these representations to PLAINTIFFS, they knew them to be false, and these representations were made by defendant with the intent to defraud and deceive plaintiff and with the intent to induce plaintiff to act in the manner herein alleged at the time defendant made the promises to plaintiff, defendant had no intention of performing them.

70. PLAINTIFFS, at the time these representations were made and at the time plaintiffs took the actions herein was ignorant of defendantS' secret intentions and could not, in the exercise of reasonable diligence, have discovered defendant's secret intention. In reliance on these representations, plaintiff was induced to and did rely to his detriment. Had plaintiff known the actual facts, he would not have taken such action. If plaintiff had known of the actual intention of defendant, plaintiff would not have taken such action.

71. As a direct and proximate cause of DEFENDANTS' conduct, PLAINTIFFS have suffered damages, including economic losses and emotional distress, in an amount to be proven at trial, but not less than the jurisdictional minimums of this court.

72. In doing the acts herein alleged, defendant acted with oppression, fraud, and malice, and plaintiff is entitled to punitive damages in an amount to be determined at trial of this matter.

**SEVENTH CAUSE OF ACTION**

Violation of Cal. Labor Code 432.2

**(All Plaintiffs against Defendants Spectrum, Burg, Jain, Hayem, and DOES 1- 100)**

73. PLAINTIFFS hereby reallege and incorporate by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 72.

74. Under California Labor Code 432.2, the state Labor Code prohibits employers from forcing employees to take a polygraph test. Further, employer shall not request any person to take such a test, or administer such a test, without first advising the person in writing at the time the test is to be administered of the rights guaranteed by this section, as follows:

> (a) No employer shall demand or require any applicant for employment or prospective employment or any employee to submit to or take a polygraph, lie detector or similar test or examination as a condition of employment or continued employment.
> (b) No employer shall request any person to take such a test, or administer such a test, without first advising the person in writing at the time the test is to be administered of the rights guaranteed by this section.
> If an employee or applicant signs any instrument relating to

the obtaining or holding of employment, he shall be given a copy of the instrument upon request.

75. In addition, employee shall be given a copy of the instrument upon request.

76. DEFENDANTS, nevertheless, forced PLAINTIFFS, to subject themselves to polygraph examinations concerning the burglary(ies) or be terminated on the spot, did not so advise PLAINTIFFS, and did not give them copies.

77. As a direct and proximate cause of DEFENDANTS' conduct, PLAINTIFFS have suffered damages, including economic losses and emotional distress, in an amount to be proven at trial, but not less than the jurisdictional minimums of this court.

78. DEFENDANTS' actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure PLAINTIFFS and in conscious disregard of PLAINTIFFS' rights. In accordance therewith, PLAINTIFF SEEK punitive damages from all DEFENDANTS.

**EIGHTH CAUSE OF ACTION**
**42 U.S.C. 1983, Deprivation of Civil Rights**
**(All Plaintiff against Los Angeles Sheriff Office and Certain Unidentified Los Angeles Sheriffs, and DOES 400- 500)**

79. PLAINTIFFS hereby reallege and incorporate by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 78.

80. DEFENDANTS LOS ANGELES SHERIFF, with deliberate indifference, deprived ANTHONY ROMERO of his civil rights by falsely arresting him on or about December 17, 2009, at DEFENDANT SPECTRUM CHEMICALS' facility in Gardena, and charging said PLAINTIFF ANTHONY ROMERO with a crime, for which he was never convicted.

81. DEFENDANTS LOS ANGELES SHERIFF acted with a discriminatory purpose in taking the actions taken against PLAINTIFFS in and around November 2009 through May 2010, discrimination against PLAINTIFFS because of race and/or national origin, Latinos/Hispanics.

82. DEFENDANTS LOS ANGELES SHERIFF acted with malice in taking the actions against PLAINTIFFS and in sharing the confidential investigatory information with DEFENDANTS SPECTRUM, BURG, JAIN, and HAYEM regarding the SPECTRUM burglary(ies).

83. As a direct and proximate cause of DEFENDANTS' conduct, PLAINTIFFS have suffered damages, including economic losses and emotional distress, in an amount to be proven at trial, but not less than the jurisdictional minimums of this court.

84. DEFENDANTS' actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure PLAINTIFFS and in conscious disregard of PLAINTIFFS' rights. In accordance therewith, PLAINTIFF SEEK punitive damages from all DEFENDANTS.

**NINTH CAUSE OF ACTION**

FAILURE TO PAY ALL WAGES AND VACATION UPON TERMINATION

[Cal. Labor Code 201, 227.3]

**(All Plaintiffs against Defendants Spectrum Chemicals and DOES 100- 200)**

85. PLAINTIFFS hereby reallege and incorporate by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 84.

86. DEFENDANTS failed to compensate PLAINTIFFS immediately upon their termination as required by Cal. Labor Code 201. Further DEFENDANTS failed to compensate PLAINTIFFS for their vacations upon termination.

87. As a direct and proximate cause of DEFENDANTS' conduct, PLAINTIFFS have suffered damages, including economic losses and emotional distress, in an amount to be proven at trial, but not less than the jurisdictional minimums of this court.

**PRAYER**

**WHEREFORE**, PLAINTIFFS prays judgment as follows:

1. For compensatory damages;
2. For restitution of all monies due to PLAINTIFFS and disgorgement of profits from the unlawful business practices of DEFENDANTS;
3. For penalties pursuant to California law;
4. For interest accrued to date;
5. For costs of suit incurred herein;
6. For attorney's fees and costs pursuant to Code;
7. For punitive damages as indicated herein;

8. For such other and further relief that the Court may deem just and proper.

Date: November 7, 2010

Respectfully submitted,

Donald A. Hilland, Esq.
Attorney for Plaintiff

STATE OF CALIFORNIA | State and Consumer Services Agency
ARNOLD SCHWARZENEGGER, Governor
PHYLLIS W. CHENG, Director
DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
1055 West 7th Street | Suite 1400 | Los Angeles | CA 90017
(213) 439-6799 | TTY (800) 700-2320 | Fax (213) 439-6760
www.dfeh.ca.gov

July 16, 2010

ANTHONY ROMERO
328 East 69th Street
Los Angeles, CA 90003

RE: E200910R0621-00-b
ROMERO/SPECTROM LABORATORY PRODUCTS, INC.

Dear ANTHONY ROMERO:

**NOTICE OF CASE CLOSURE**

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed on the basis of: An Administrative Decision.

Please be advised that this recommendation has been accepted and the case has been closed effective June 24, 2010.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.



STATE OF CALIFORNIA | State and Consumer Services Agency
ARNOLD SCHWARZENEGGER, Governor
PHYLLIS W. CHENG, Director

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1055 West 7th Street | Suite 1400 | Los Angeles | CA 90017
(213) 439-6799 | TTY (800) 700-2320 | Fax (213) 439-6780
www.dfeh.ca.gov

July 16, 2010

SALVADOR ROMERO
328 E. 69th Street
Los Angeles, CA 90003

RE: E200910R0624-00-b
ROMERO/SPECTRUM LABORATORY PRODUCTS, INC.

Dear SALVADOR ROMERO:

**NOTICE OF CASE CLOSURE**

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed on the basis of: An Administrative Decision.

Please be advised that this recommendation has been accepted and the case has been closed effective June 28, 2010.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.



...ORNIA | State and Consumer Services Agency
ARNOLD SCHWARZENEGGER, Governor
PHYLLIS W. CHENG, Director
...ARTMENT OF FAIR EMPLOYMENT & HOUSING
...West 7th Street | Suite 1400 | Los Angeles | CA 90017
(213) 439-6799 | TTY (800) 700-2320 | Fax (213) 439-6780
www.dfeh.ca.gov

July 16, 2010

VICTOR CARDENAS
339 East 92nd Street
Los Angeles, CA 90003

RE: E200910R0625-00-b
CARDENAS/SPECTRUM LABORATORY PRODUCTS, INC.

Dear VICTOR CARDENAS:

**NOTICE OF CASE CLOSURE**

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed on the basis of: An Administrative Decision.

Please be advised that this recommendation has been accepted and the case has been closed effective June 28, 2010.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

 

STATE OF CALIFORNIA | State and Consumer Services Agency

Arnold Schwarzenegger, Governor

PHYLLIS W. CHENG, Director

DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

1055 West Seven Street | Suite 1400 | Los Angeles | CA 90017
(213) 439-6799 | TTY (800) 700-2320 | Fax (213) 439-6715
www.dfeh.ca.gov

July 16, 2010

FRANCISCO ANGUIANO
1609 E. 80th Street
Los Angeles, CA 90001

RE: E200910S1222-00-b
ANGUIANO/SPECTRUM CHEMICAL AND LABORATORY PRODUCTS

Dear FRANCISCO ANGUIANO:

**NOTICE OF CASE CLOSURE**

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed on the basis of: An Administrative Decision.

Please be advised that this recommendation has been accepted and the case has been closed effective June 28, 2010.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

ORIGINAL

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Donald Arthur Hilland (SBN 240436)
LAW OFFICE OF DONALD ARTHUR HILLAND
405 N. Maclay Avenue, Suite 203
San Fernando, California 91340
TELEPHONE NO.: 818 838 3600 FAX NO.:
ATTORNEY FOR (Name): Plaintiffs Romero, Cardenas, Angiano

FOR COURT USE ONLY
FILED
Los Angeles Superior Court
DEC 16 2010
John A. Clarke, Executive Officer/Clerk
By [signature], Deputy
DOROTHY SWAIN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
ROMERO ET AL V. SPECTRUM LABORATORIES, ET AL

## CIVIL CASE COVER SHEET

[✓] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: BC451390
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action *(specify)*: Ten
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 8/26/2010
Donald Arthur Hilland
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

SHORT TITLE: ANTHONY ROMERO, ET AL. V. SPECTRUM LABORATORIES, ET AL. | CASE NUMBER

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES CLASS ACTION? ☐ YES LIMITED CASE? ☐ YES TIME ESTIMATED FOR TRIAL 10 ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental). | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☑ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |

SHORT TITLE: ANTHONY ROMERO, ET AL. V. SPECTRUM LABORATORIES, ET AL.

CASE NUMBER

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Employment | Wrongful Termination (36) | ☑ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels_______ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |



SUM-100

# SUMMONS
## (CITACIÓN JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 16 2010

John A. Clarke, Executive Officer/Clerk
By [signature], Deputy
DOROTHY SWAIN

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SPECTRUM LABORATORY PRODUCTS, INC., dba SPECTRUM CHEMICALS & LABORATORY PRODUCTS, a California (cont'd)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ANTHONY ROMERO, SALVADOR ROMERO, VICTOR CARDENAS, FRANCISCO ANGUIANO

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: *(El nombre y dirección de la corte es):* LOS ANGELES SUPERIOR COURT

CASE NUMBER: *(Número del Caso):* BC451390

111 N. Hill Street
Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Donald Arthur Hilland, 818 838 3600, PO Box 872, 405 N. Maclay Ave., Suite 203, San Fernando, CA 91341

DATE: ~~11/7/2010~~ DEC 16 2010 *(Fecha)* John A. Clarke Clerk, by *(Secretario)* D.M. Swain, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. [X] as an individual defendant. PREM JAIN
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [ ] on behalf of *(specify)*:
   under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: ROMERO V. SPECTRUM | CASE NUMBER: |
|---|---|

INSTRUCTIONS FOR USE

- This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
- If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff ☒ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

(cont'd) corporation; SPECTRUM CHEMICALS MANUFACTURING CORP., a New Jersey corporation; PAUL BURG; PREM JAIN; MARK HAYEM; LOS ANGELES SHERIFF OFFICE AND CERTAIN UNIDENTIFIED LOS ANGELES SHERIFF OFFICERS; and DOES 1- 500, Inclusive

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

ADDITIONAL PARTIES ATTACHMENT
Attachment to Summons

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE)

CONFORMED COPY OF ORIGINAL FILED Los Angeles Superior Court

DEC 16 2010

John A. Clarke, Executive Officer/Clerk
By [signature], Deputy
DOROTHY SWAIN

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

SPECTRUM LABORATORY PRODUCTS, INC., dba SPECTRUM CHEMICALS & LABORATORY PRODUCTS, a California (cont'd)

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

ANTHONY ROMERO, SALVADOR ROMERO, VICTOR CARDENAS, FRANCISCO ANGUIANO

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: *(El nombre y dirección de la corte es):* LOS ANGELES SUPERIOR COURT
111 N. Hill Street
Los Angeles, California 90012

CASE NUMBER: *(Número del Caso):* BC451390

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Donald Arthur Hilland, 818 838 3600, PO Box 872, 405 N. Maclay Ave., Suite 203, San Fernando, CA 91341

DATE: 11/7/2010 DEC 16 2010 *(Fecha)* John A. Clarke Clerk, by *(Secretario)* D.M. Swain, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Spectrum Laboratory Products Inc. dba Spectrum Chemicals & Laboratory Products, a California Corporation

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 12-30-10

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 16 2010

John A. Clarke, Executive Officer/Clerk
By [signature], Deputy
DOROTHY SWAIN

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

SPECTRUM LABORATORY PRODUCTS, INC., dba SPECTRUM CHEMICALS & LABORATORY PRODUCTS, a California (cont'd)

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

ANTHONY ROMERO, SALVADOR ROMERO, VICTOR CARDENAS, FRANCISCO ANGUIANO

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* LOS ANGELES SUPERIOR COURT
111 N. Hill Street
Los Angeles, California 90012

CASE NUMBER: *(Número del Caso):* BC451390

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Donald Arthur Hilland, 818 838 3600, PO Box 872, 405 N. Maclay Ave., Suite 203, San Fernando, CA 91341

DATE: ~~11/7/2010~~ DEC 16 2010 John A. Clarke
*(Fecha)*
Clerk, by *(Secretario)* D.M. Swain, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Spectrum Chemicals Manufacturing Corp., a New Jersey Corporation

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☒ by personal delivery on *(date)*: 12-30-10

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 16 2010

John A. Clarke, Executive Officer/Clerk
By [signature], Deputy
DOROTHY SWAIN

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

SPECTRUM LABORATORY PRODUCTS, INC., dba SPECTRUM CHEMICALS & LABORATORY PRODUCTS, a California (cont'd)

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

ANTHONY ROMERO, SALVADOR ROMERO, VICTOR CARDENAS, FRANCISCO ANGUIANO

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* LOS ANGELES SUPERIOR COURT
111 N. Hill Street
Los Angeles, California 90012

CASE NUMBER: *(Número del Caso):* BC451390

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Donald Arthur Hilland, 818 838 3600, PO Box 872, 405 N. Maclay Ave., Suite 203, San Fernando, CA 91341

DATE: 11/7/2010 DEC 16 2010 John A. Clarke Clerk, by D.M. Swain, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. [X] as an individual defendant. Paul Burg
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [ ] on behalf of *(specify)*:

under:
- [ ] CCP 416.10 (corporation)
- [ ] CCP 416.20 (defunct corporation)
- [ ] CCP 416.40 (association or partnership)
- [ ] CCP 416.60 (minor)
- [ ] CCP 416.70 (conservatee)
- [ ] CCP 416.90 (authorized person)
- [ ] other *(specify)*:

4. [X] by personal delivery on *(date)*: 12-30-10

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE)

CONFORMED COPY OF ORIGINAL FILED
Los Angeles Superior Court

DEC 16 2010

John A. Clarke, Executive Officer/Clerk
By ________, Deputy
DOROTHY SWAIN

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

SPECTRUM LABORATORY PRODUCTS, INC., dba SPECTRUM CHEMICALS & LABORATORY PRODUCTS, a California (cont'd)

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

ANTHONY ROMERO, SALVADOR ROMERO, VICTOR CARDENAS, FRANCISCO ANGUIANO

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* LOS ANGELES SUPERIOR COURT
111 N. Hill Street
Los Angeles, California 90012

CASE NUMBER: *(Número del Caso):* BC451390

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Donald Arthur Hilland, 818 838 3600, PO Box 872; 405 N. Maclay Ave., Suite 203, San Fernando, CA 91341

DATE: 11/7/2010 DEC 16 2010 *(Fecha)* John A. Clarke Clerk, by *(Secretario)* D.M. Swain, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*: Mark Hayem
3. [ ] on behalf of *(specify)*:
   under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify)*:
4. [X] by personal delivery on *(date)*: 12-30-10

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



SUM-200(A)

| SHORT TITLE: ROMERO V. SPECTRUM | CASE NUMBER: |
|---|---|

INSTRUCTIONS FOR USE

- This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
- If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff ☑ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

(cont'd) corporation; SPECTRUM CHEMICALS MANUFACTURING CORP., a New Jersey corporation; PAUL BURG; PREM JAIN; MARK HAYEM; LOS ANGELES SHERIFF OFFICE AND CERTAIN UNIDENTIFIED LOS ANGELES SHERIFF OFFICERS; and DOES 1- 500, Inclusive

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

**CV11- 561 MMM (Ex)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>**312 N. Spring St., Rm. G-8**<br>**Los Angeles, CA 90012** | [ ] **Southern Division**<br>**411 West Fourth St., Rm. 1-053**<br>**Santa Ana, CA 92701-4516** | [ ] **Eastern Division**<br>**3470 Twelfth St., Rm. 134**<br>**Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself [ ])

ANTHONY ROMERO, SALVADOR ROMERO, VICTOR CARDENAS, FRANCISCO ANGUIANO

**DEFENDANTS**

SPECTRUM LABORATORY PRODUCTS, INC., dba SPECTRUM CHEMICALS & LABORATORY PRODUCTS, a California corporation; et al.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

DONALD A. HILLAND (SBN 240436)
LAW OFFICE OF DONALD A. HILLAND
405 N. Maclay Avenue, Suite 203
San Fernando, CA 91340
818-838-3600

Attorneys (If Known)

Robert D. Vogel (SBN 063091)
Jennifer B. Hodur (SBN 211948)
JACKSON LEWIS LLP
725 South Figueroa Street
Los Angeles, CA 90017
213-689-0404

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify):
- [ ] 6 Multi-District Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [ ] Yes [X] No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** [ ] Yes [X] No

[ ] **MONEY DEMANDED IN COMPLAINT: $** ____________

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. § 1983 (Deprivation of Civil Rights)

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Act
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Info. Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Fed. Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury-Med Malpractice
- [ ] 365 Personal Injury-Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus-Alien Detainee
- [ ] 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 445 American with Disabilities - Employment
- [ ] 446 American with Disabilities - Other
- [X] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence Habeas Corpus
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus/Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - Third Party 26 USC 7609

CV 11 00561

**FOR OFFICE USE ONLY:** Case Number: ____________

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
[ ] A. Arise from the same or closely related transactions, happenings, or events; or
[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All defendants but for Paul Burg and Prem Jain - Los Angeles | Paul Burg - New York<br>Prem Jain - New Jersey |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): ______________ **Date** January 19, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |